No. 24483.

GEORGE SOLIS *v.* THE PEOPLE OF THE STATE OF COLORADO.
(485 P.2d 903)

Decided June 14, 1971.

CRAIG A. MURDOCK, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, E. RONALD BEEKS, Assistant, for defendant in error.

*In Department.*

Opinion by MAX C. WILSON, District Judge*.

PLAINTIFF in error, George Solis, hereinafter referred to as defendant, was convicted by a jury of the crime of burglary and of being an habitual criminal. Defendant seeks reversal on several grounds; however, it is necessary to consider only one.

On July 28, 1968, the store building of Homer Reed Ltd., was burglarized. The building is located in the Cherry Creek Shopping Center. The business operated in the building was a ladies' ready-to-wear, catering to the general public. At the time of the burglary, entry was gained by breaking the glass from a front ground-floor window which was approximately two feet high by two and a half feet wide. The top of the glass in the window was two and one-half feet above sidewalk level. Inside the store a clothes rack was stationed on the floor at a distance of three or four feet from the window. There was no obstruction blocking entry after the glass was removed. Most of the broken glass was inside the building, and from one of the larger pieces the police department lifted six latent fingerprints. Mr. Ramsey of the Denver Police Department studied these latent prints, and they were compared with the rolled prints of the defendant, taken by the police department. It was further testified that latent prints would remain for about two years, unless they were exposed to the elements.

There is nothing in this record to indicate that the lifted prints were exposed to the weather. No testimony was offered as to the age of the prints, either before or after the burglary. Further, no showing was made as to whether they were on the inside or the outside of the glass. The store, as stated before, is a ladies' ready-to-wear which caters to the general public and is situated within a shopping mall. No other evidence was offered by the prosecution. Fingerprint evidence may in some instances be sufficient in and of itself to support a conviction, where that evidence is tied directly to the commission of the crime and no explanation other than guilt

exists. But here, the evidence does not meet that test. If the conviction is to stand, it must stand on the fingerprint evidence only.

At the conclusion of the People's case, defendant moved for judgment of acquittal, which was denied by the court. At the close of the defendant's case, which did not add strength to the People's case, defendant again moved for judgment of acquittal, and the same was denied by the court.

In view of the evidence presented, the motion for judgment of acquittal should have been granted at the conclusion of the People's case on the burglary charge. Even considered in the light most favorable to the People, the evidence is insufficient to sustain the conviction. It is unconvincing and leaves too much to speculation and conjecture and is equally consistent with a hypothesis of innocence as with that of guilt. *Stevenson v. People,* 148 Colo. 538, 367 P.2d 339.

Reversal of the burglary conviction makes it unnecessary to consider defendant's contentions as to alleged error in connection with the habitual criminal counts.

The judgment of conviction is reversed and the cause remanded with directions to the trial court to enter judgment of acquittal and discharge the defendant.

MR. JUSTICE DAY, MR. JUSTICE ERICKSON and OYER G. LEARY, District Judge,* concur.

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.