## No. 26164

**The People of the State of Colorado v. Johnny Edward Gomez**

(537 P.2d 297)

Decided June 23, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, Donna A. Maranchik, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Chief Deputy, Lee Belstock, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The sufficiency of the evidence to sustain the trial judge's determination of guilt of second-degree burglary is the issue in this case. 1971 Perm. Supp., C.R.S. 1963, 40-4-203.[1] We affirm.

---

[1] Now section 18-4-203, C.R.S. 1973.

The defendant, Johnny Edward Gomez, and Richard Gene Gallegos were charged with second-degree burglary in connection with a break-in of Barbour Foresight Liquors in Grand Junction, Colorado. Gomez and Gallegos entered pleas of not guilty to the crime, and both defendants waived their right to a jury trial. Gallegos filed a motion for severance, which the trial court granted. He was prosecuted first and convicted, and his conviction was affirmed on appeal. *People v. Gallegos*, 187 Colo. 6, 528 P.2d 229 (1974).

The defendant made a motion to suppress evidence which was seized at the time of his arrest. The motion was granted. The defendant now contends that if the evidence which was suppressed was not considered by the trial judge, his motion for a judgment of acquittal should have been granted. The trial judge ruled that the evidence before the court was sufficient and denied the motion for a judgment of acquittal.

■ The standard for determining the merits of a motion for a judgment of acquittal is the same whether the trial is to the court or to a jury. *People v. Atencio*, 187 Colo. 226, 529 P.2d 636 (1974). The primary question is: Did the prosecution establish a prima facie case against the defendant? *Digiallonardo v. People*, 175 Colo. 560, 488 P.2d 1109 (1971). More specifically:

"The issue before the trial judge is whether the relevant evidence, both direct and circumstantial, when viewed as a whole and in the light most favorable to the prosecution, is substantial and sufficient to support a conclusion by a reasonable mind that the defendant is guilty of the charge beyond a reasonable doubt." *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973).

### I.
### Sufficiency of the Evidence

■ In this case, sufficient evidence was presented to sustain the defendant's conviction. The evidence before the trial court was that on December 21, 1973, an officer of the Grand Junction police department responded to a burglar alarm at Barbour Foresight Liquors. He arrived at the scene within one minute after the burglar alarm was activated at 4:30 a.m. and observed an individual, who was standing in front of a broken store window, run to a vehicle and enter on the driver's side. The car pulled away with the police in pursuit, and after a short chase, by car and on foot, Gallegos was apprehended. Although the police officer saw a second person in the car, that person disappeared while the police were chasing Gallegos on foot.

Following his arrest, Gallegos was advised of his rights as required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and a statement was made which implicated Gomez. Gallegos stated that Johnny Gomez had been in the car with him prior to the time the window in the liquor store was broken. He said that Gomez had broken the window and was in front of the liquor store when the police arrived, but that he had not seen Gomez touch any merchandise in the store.

Conflicts existed in the evidence regarding the events which immediately followed the breaking of the liquor store window. However, after hearing all of the testimony, the trial judge resolved the conflicts in his findings of fact and conclusions of law. *See People v. Gomez.* 184 Colo. 319, 519 P.2d 1191 (1974).

■ Second-degree burglary requires that the prosecution prove that Gomez knowingly broke into and entered the liquor store with the intent to commit the crime of theft. 1971 Perm. Supp., C.R.S. 1963, 40-4-203.[2] In our view, the prosecution made a prima facie case.

## II.
### Fingerprints

Entry into the liquor store with the intent to commit the crime of theft was proven by fingerprints. The defendant's fingerprint was located on a section of a liquor carton which could only be reached by a person reaching in through the broken window and which was not readily accessible to in-store traffic.

■ Expert testimony established that the fingerprint which was removed from the liquor carton was the thumb print of the defendant Gomez. Experiments conducted with identical liquor cartons were admitted to prove that the fingerprint was placed on the liquor carton at about the same time that the break-in at the liquor store occurred. A proper foundation was laid for the admission of the fingerprint, and the weight to be afforded the fingerprint evidence was for the trier of the fact. *See Hervey v. People,* 178 Colo. 38, 495 P.2d 204 (1972); *Solis v. People,* 175 Colo. 127, 485 P.2d 903 (1971); *Silva v. People,* 170 Colo. 152, 459 P.2d 285 (1969).

■ The inability of the prosecution to establish the twelve-point comparison used by the Federal Bureau of Investigation went to the weight to be given the fingerprint identification, but not to the admissibility of the evidence. *See People v. Lowe,* 184 Colo. 182, 519 P.2d 344 (1974); *People v. King,* 181 Colo. 439, 510 P.2d 333 (1973); *People v. Mascarenas,* 181 Colo. 268, 509 P.2d 303 (1973); *Ziatz v. People,* 171 Colo. 58, 465 P.2d 406 (1970).

Moreover, counsel did not object to the experiments which were offered to show the time that the fingerprint was impressed on the liquor carton. *Land v. People,* 171 Colo. 114, 465 P.2d 124 (1970); *Stout v. People,* 171 Colo. 142, 464 P.2d 872 (1970).

Accordingly, the fingerprint evidence was properly admitted.

## III.
### Testimony of an Accomplice

■ Gomez also contends that his conviction cannot stand because it is based on the uncorroborated testimony of an accomplice and co-defendant. We disagree.

---

[2]Now section 18-4-203, C.R.S. 1973.

Gallegos' testimony was damaging and was buttressed by fingerprint evidence and testimony which placed Gomez at the scene of the crime. Admittedly, the testimony of an accomplice must be scrutinized and acted upon with great caution, but when viewed in the light of the other evidence which was before the court, we cannot say that the defendant was convicted on the uncorroborated testimony of Gallegos. *Davis v. People*, 176 Colo. 378, 490 P.2d 948 (1971).

Accordingly, we affirm.

MR. JUSTICE HODGES and MR. JUSTICE LEE do not participate.