MR. JUSTICE HODGES
delivered the opinion of the Court.
After trial to the court, the defendant was found guilty of burglary in which a television set and a number of other items were taken from a residence. On this appeal, the defendant maintains that the trial court erred in denying his motions for judgment of acquittal at the close of the prosecution’s case and at the conclusion of all the evidence. We agree. This record *387 reveals that the evidence lacks the sufficiency to sustain this conviction as a matter of law. We therefore reverse the judgment of the trial court.
In brief, the evidence presented at trial showed that between 11:00 a.m. and noon, a house was burglarized and a television set and various other items were taken. A neighbor observed a boy and girl in the neighborhood trying the back doors to various houses. They were not, however, observed in the back yard of the burglarized house. This same witness saw the same boy and girl somewhat later putting something about “two feet by two feet” into the trunk of a car belonging to the defendant’s father. This witness then observed the defendant join the boy and girl at the car, saw the defendant look into the open trunk, and then saw the defendant drive the car away with the boy and girl in it. Another witness, a neighbor friend of the defendant’s, saw the defendant about 12:30 p.m. with “a girl and another guy” standing at the back of the car and observed that the defendant was holding what appeared to be a television set. This witness, age nineteen, made this observation from the back porch of his home. This witness also testified that when the defendant noted his appearance on the back porch, he said “Remember, Michael, you didn’t see nothing.” This witness then walked back into his house.
Later, on the same day, the defendant was arrested in his father’s car. No television set or any of the other items taken from the burglarized residence were recovered.
The defendant testified in detail as to his activities during the pertinent period. He also confirmed the fact that he told his friend to remember that he didn’t see anything. The defendant related that he was using his father’s car without permission and that was the purpose of the admonition which he made to his neighbor friend. He also related putting a case of pop in the trunk of the car at the time involved. He denied any implication in any neighborhood burglary.
The theory of the prosecution’s case, which apparently was adopted by the trial judge as valid, is that the evidence .taken in a light most favorable to the prosecution creates the inference that the defendant placed the items obtained in the burglary into the trunk of his father’s car. However, there is absolutely no evidence that any of those items were actually placed in the trunk of this automobile. Furthermore, none of the evidence presented could possibly be the basis for a valid inference that the items stolen from the burglarized house were ever in the trunk of this car or were ever in the defendant’s possession.
It appears that the only evidence of any kind which in any way implicates the defendant in the burglary is the testimony by a neighbor friend that the defendant was seen holding an object which looked like a television set and that a television set was among the items taken from the burglarized residence. The evidence here rises only to the level of mere surmise or suggestion of guilt, and falls completely short of constituting *388 any proof beyond a reasonable doubt of the defendant’s implication in this burglary.
The evidence presehted in this case is wholly insufficient both in quality and quantity to support the trial court’s verdict of guilty in this case. Stevenson v. People, 148 Colo. 538, 367 P.2d 339 (1961) and Lombardi v. People, 124 Colo. 284, 236 P.2d 113 (1951). We therefore hold as a matter of law that the evidence, when viewed in a manner most favorable to the prosecution, is clearly deficient and definitely lacks the sufficiency to support a verdict of guilty to the charge of burglary. The trial court erred in denying the defendant’s motion for a judgment of acquittal. Solis v. People, 175 Colo. 127, 485 P.2d 903 (1971); Drahn v. People, 174 Colo. 157, 483 P.2d 209 (1971); and Stevenson v. People, supra.
The judgment is reversed.