**No. 28024**

**The People of the State of Colorado, In the Interest of
T.H.; D.H.; F.H. and Concerning F.I.; E.I.; R.D.H.**

(593 P.2d 346)

Decided March 19, 1979.

■■■■■■■■

Luis A. Lopez, District Attorney, Michael H. Argall, Assistant, for T.H.; D.H.; F.H.

James H. Hiatt, for F.I.; E.I.; R.D.H.

*En Banc.*

MR. CHIEF JUSTICE HODGES delivered the opinion of the Court.

This is a district attorney's appeal from a dismissal by the trial court of a dependency and neglect petition. A Trinidad resident reported to the Las Animas County Department of Social Services that a certain child was not wearing underwear and therefore might be neglected.

The agency conducted an investigation which culminated in the filing by the district attorney of a petition of dependency and neglect concerning respondents Mr. and Mrs. I., the custodial grandparents of three children. The petition asserted that F.H., a 12-year old boy, T.H., an 11-year old girl, and D.H., a 9-year old boy, were dependent or neglected because, in accordance with the definition of "neglected or dependent child" contained in the Colorado Children's Code, section 19-1-101, *et seq.,* C.R.S. 1973, "the environment of the said children is injurious to their welfare [section 19-1-103(20)(c)] and . . . said children are without proper care through no fault of their parents, guardians, and legal custodians [section 19-1-103(20)(e)]."

At the conclusion of the People's case, the court determined that the People had failed to establish a prima facie case of neglect or dependency, and therefore entered a judgment dismissing the petition. It is contended by the district attorney on appeal that the trial court erred, as a matter of law, in dismissing the petition. We affirm the trial court's judgment.

■ Under the standard of review applicable to a dismissal for failure to establish a prima facie case, this court must view the evidence in the light most favorable to the People. *See People v. Montano,* 195 Colo. 420, 578 P.2d 1053 (1978); *People v. Gomez,* 189 Colo. 91, 537 P.2d 297 (1975). The evidence of neglect and dependency adduced at trial consisted of the testimony of five witnesses. Robert Valdez, a "health visitor," testified that the family's three bedroom home was "in need of care"; the

furniture was "somewhat dilapidated"; the sanitation could have been "a little bit better"; and the windows were "cracked." Valdez conceded, however, that the house "was about as clean as Mrs. I could get it" and Olga Azar, a social worker, similarly recognized the adequacy of the house's heating and plumbing.

A witness from the neighborhood and a teacher from the children's school testified that T.H. had not worn underwear on several occasions and was often "inappropriately dressed." Two teachers further testified that F.H. and D.H. were dirty and unkempt at school. As a result of her uncleanliness, T.H. allegedly was not socially accepted at school. On the other hand, the witnesses testified that the respondents were now making adequate clothing available for the children and that T.H.'s hygiene and social acceptance had improved and was continuing to improve as a result of health and hygiene instruction at school.

D.H. was described as a "nice and lovable child," although he engaged in "inappropriate behavior," such as, venturing "downtown" at night.

There was also testimony that T.H. and F.H. fought with each other. T.H. had bruises on her arms and legs and indicated to her teacher that her brother had hurt her. F.H. also once painted her hands purple.

Examination of these facts convinces us that the trial court ruled correctly that the People failed to establish that the children's environment was sufficiently injurious to their welfare or that their care was sufficiently lacking to warrant a finding of neglect or dependency. While the state has a legitimate concern in furthering the best interest of the child, a child cannot be deemed "neglected" merely because the People contend that his condition would be improved by changing his parents or custodians. A perfect home does not exist; a child may receive love, care, and guidance in a variety of settings; forced separation from a child's environment often proves detrimental to his well being. *See In Re Rinker,* 180 Pa. Super. 143, 117 A.2d 780 (1955); *Areen, Intervention Between Parent and Child,* 63 *Geo. L.J.* 887 (1974-1975); *Wald, State Intervention on Behalf of "Neglected Children,"* 28 *Stan. L. Rev.* 623 (1976).

In order to declare a child neglected or dependent as a preliminary to separating him from his parents or custodians,[1] the evidence must clearly establish its necessity. State intervention should be limited to instances of neglect and dependency as defined in the statute.

---

[1] The separation of a child from his parents is the most common consequence of a determination that a child is neglected. *See Areen, supra.* The Colorado Children's Code specifically authorizes the court, upon an adjudication of neglect or dependency, to transfer legal custody of the child away from his parents. Section 19-3-111, C.R.S. 1973.

■ The evidence here does not meet the above requirement and does no more than show that the children dressed inappropriately, did not observe proper hygiene, lived in a house which was in need of repair, fought with each other, and were not well accepted at school.[2] We agree with the trial court's holding that the facts do not establish a prima facie case of neglect or dependency. Accordingly, we affirm its judgment of dismissal.

MR. JUSTICE CARRIGAN does not participate.

---

[2] The People assert that T.H.'s testimony that her brother F.H. hurt her "between the legs" is evidence of sexual abuse, which under section 19-3-106(6)(a), C.R.S. 1973, constitutes prima facie evidence of neglect or dependency. F.H. has not yet reached puberty and in the absence of any direct or indirect evidence that something sexual in nature was involved, we conclude that this testimony does not suffice to establish sexual abuse.