## No. 79SC57

**Concerning C.M. v. The People of the State of Colorado in the Interest of J.M. and C.M., Children**

(601 P.2d 1364)

Decided October 15, 1979.

Lefferdink, Lefferdink and Stovall, John J. Lefferdink, for petitioner.

Johnson, McLachlan & DiCola, M. Kent Olsen, for respondent.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

Petitioner C.M.'s children were taken from her after they were adjudicated neglected and dependent by the District Court of Prowers County. The court of appeals, concluding that petitioner had designated an insufficient record on appeal, affirmed the trial court. *People in the Interest of J.M. and C.M., Children, and Concerning C.M., Respondent and J.M., Respondent,* _____Colo. App. _____, 601 P.2d 636 (1979). We granted certiorari. Our review of the record convinces us that the district court misconceived the statutory standard governing neglect and dependency proceedings. Therefore we reverse the court of appeals.

C.M., a Japanese woman, married J.M., an American serviceman, in Japan. After their children were born they moved to Lamar, Colorado where they were divorced in 1976. C.M. retained custody of the two children; J.M. remarried and moved to Guam. When this proceeding commenced in 1977, the children were five and seven years old.

The Prowers County Department of Social Services received several complaints about the children and initiated proceedings to have them declared dependent and neglected. A preliminary "detention" hearing and

an adjudicatory hearing were held in the district court. Witnesses for C.M. and the Department of Social Services testified at both proceedings. During the adjudicatory hearing, the trial judge took judicial notice of testimony given on behalf of C.M. at the earlier detention hearing. The court found that the children were dependent and neglected and temporarily placed them in their father's custody.

The mother, C.M., appealed the judgment to the court of appeals, asserting that hearsay evidence had been improperly admitted and that there was insufficient competent evidence to support the trial court's order.

Relying on C.A.R. 10(b),[1] which permits an appellant to include in the record only those parts of a transcript deemed relevant to the issues being appealed, C.M. included transcripts of both the adjudicatory hearing and the testimony of the People's only witness at the detention hearing. She did not, however, include a transcript of testimony offered at the detention hearing by her own witnesses. A description of the items designated for inclusion in the record and a statement of the issues C.M. intended to raise on appeal were duly filed and served on the People.

The People failed to notify C.M. that they deemed supplementation of the designated record to be necessary. However, in their brief to the court of appeals, the People argued that C.M., by omitting part of the transcript, had failed to sustain her burden of proving that the decision below was unsupported by or contrary to the evidence. The court of appeals agreed that the record was insufficient, chose not to exercise its authority under C.A.R. 10(e)[2] to direct supplementation of the record and dismissed C.M.'s appeal.

While the record may have been deficient in other respects — a question we do not decide — it includes a verbatim transcript of the court's findings and conclusions in the adjudicatory hearing. At the close of the parties' evidence the court stated:

"From the court's limited observation of C.[M.] in court, because of her communications problem, her ability to manage her money and her

---

[1] C.A.R. Rule 10(b): ". . . If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, he shall include in the record a transcript of all evidence relevant to such finding or conclusion. Unless the entire transcript is to be included, the appellant shall, within the time above provided, file and serve on the appellee a description of the parts of the transcript which he intends to include in the record and a statement of the issues he intends to present on the appeal. If the appellee deems a transcript or other parts of the record to be necessary he shall, within ten days after the service of the statement or the appellant's designation of the record, file and serve on the appellant a designation of additional parts to be included . . ."

[2] ". . . If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. . ."

personal affairs, people taking advantage of her . . . , the court doesn't believe, at least at this time, [that] it would be in the best interests of the children to remain in her custody."

No other findings were cited in support of the conclusion that C.M.'s children were neglected and dependent.

■ Although a district court's judgments are entitled to a presumption of regularity, the explanation given for its decision persuades us that the court misconstrued the statutory definition of neglect and dependency set out in C.R.S. 1973, 19-1-103(20)(a)-(e).

■ As this Court recently observed:

"While the state has a legitimate concern in furthering the best interests of the child, a child cannot be deemed 'neglected' merely because the People contend that his condition would be improved by changing his parents or custodians."

*People in the Interest of T.H., D.H., F.H. (Children) and concerning F.I., E.I., R.D.H. (Respondents).* 197 Colo. 247, 249, 593 P.2d 346, 348 (1979).

■ Vague references to a child's best interests cannot be substituted for the specific findings required by the Children's Code. Section 19-1-103(20)(a)-(e) defines a neglected and dependent child as a child whose parent has abandoned him; a child who lacks parental care; a child whose environment is injurious to his welfare; a child whose parent fails to provide necessary subsistence, education or medical care; or a child who is homeless and without proper care. The court in this case did not find that any of these conditions existed.

■ In order to declare a child neglected and dependent, a step ordinarily followed by a disposition proceeding separating him from his parents or custodians, the evidence must clearly establish that such separation is necessary. State intervention should be limited to the instances of neglect and dependency defined in the statute. *People in the Interest of T.H., D.H., F.H. (Children), and concerning F.I., E.I., R.D.H. (Respondents).* 197 Colo. at 249, 593 P.2d at 348.

The record below is barren either of a finding by the court that the statutory bases for removing the children from C.M.'s home had been met or of evidence that would substantiate such a finding.

Accordingly, we reverse the court of appeals and return the cause to it for remand to the district court with directions to dismiss the petition.