The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Gregory ALLEN, Defendant-Appellant.

No. 79CA0595.

Colorado Court of Appeals,
Div. III.

Feb. 5, 1981.

Rehearing Denied March 19, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., R. Michael Mullins, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Thomas M. Van Cleave, III, Deputy State Public Defender, Denver, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant appeals his conviction of theft claiming the evidence was insufficient to support the trial court's guilty verdict. We reverse.

Defendant and two companions were arrested on January 26, 1978, near a Westland May-D & F department store in an automobile which contained four coats with untorn May-D & F price tags. At trial a May-D & F employee testified that normally sales tags were torn when garments were sold, but that on occasion they were not torn. John Dittmer, an employee of the Westland store, identified the coats as May-D & F merchandise, but stated that he could not determine whether they were from the Westland store.

Dittmer stated that on January 26, 1978, he saw two black men exit the store's men's department. He testified that at that time he noticed four empty hangers on a coat rack, and that the hangers were not empty before the arrival to those two men. Ditt-

mer also identified two other coats found on the floor of the automobile as being "similar" to coats worn by the two men he had observed in the store. However, he could not identify defendant as one of those men, and no one testified that the coats missing from the hangers had been stolen from the store or in fact that there had even been any theft from the store.

Relying on the test stated in *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973), defendant argues that the evidence, viewed as a whole and in the light most favorable to the prosecution, is insufficient to support the conclusion of guilt beyond a reasonable doubt. We agree.

A conviction may be based on indirect or circumstantial evidence. Here, however, there was no evidence, direct or circumstantial, either that the subject coats were from the Westland store or that defendant was in that store when the alleged theft occurred.

The prosecution's own witness testified that he could not identify either the coats or the defendant as being involved in the alleged offense. There were three persons in the automobile; hence, the circumstance that two coats found on the floor of the vehicle were similar to coats worn by the two men observed by Dittmer does not, alone, permit an inference that defendant was one of those men. While the trial court's findings of fact cannot be disturbed if supported by substantial evidence, *People v. Storey*, 191 Colo. 546, 554 P.2d 694 (1976), here the prosecution's own evidence establishes a reasonable doubt respecting defendant's participation in a criminal act. *See People v. Triggs*, 190 Colo. 386, 547 P.2d 1282 (1976).

The People argue that the defendant's guilt is established by the principle that the unexplained possession of recently stolen property permits an inference of guilt of theft. *Wells v. People*, 197 Colo. 350, 592 P.2d 1321 (1979).

There must be proof of a crime before the principle is applicable. The principle permits identification of a defendant as the perpetrator of a specific crime; it cannot also serve as the basis for establishing that the crime in fact was committed. In light of Dittmer's inability to identify the four coats as having been taken unlawfully from his store, the fact that sales persons usually tear the tags on garments that are sold is insufficient in and of itself to permit the conclusion beyond a reasonable doubt that these four coats had been stolen. No theft having been shown, no inference as to defendant's guilt of such alleged theft was possible.

Judgment reversed.

ENOCH, C. J., and SMITH, J., concur.