626 P.2d 742 (1981)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
In the Interest of B. W., S. W., R. W., and D. W.,Children, and Concerning D. A. W., Respondent-Appellant, and
R. F. W., Respondent.
No. 79CA1149.
Colorado Court of Appeals, Div. II.
March 12, 1981.
Daniel J. Kaup, Jackson County Atty., Walden, for plaintiff-appellee.
*743 Hibbard & King, William C. Hibbard, Steamboat Springs, for respondent-appellant.
PIERCE, Judge.
Respondent D.A.W. appeals from the trial court's finding that four of her children are dependent and neglected and the dispositional decree placing the children in the custody of the county department of social services. We affirm.
On March 3, 1978, dependency and neglect proceedings were instituted by the People concerning B.W., S.W., R.W., and D.W. A jury trial was held and each of the four children was determined to be dependent and neglected.
The district court subsequently conducted a dispositional hearing at which it determined that D.A.W. was physically incapable of caring for her children, and that the county department of social services would retain custody of the children.
Evidence was adduced that respondent had inflicted first and second degree burns on B.W. by throwing hot coffee on him during the course of an argument. Respondent does not contest that part of the trial court's disposition establishing the dependency and neglect of B.W.

I.
Respondent argues that although evidence may exist which indicates the dependency and neglect of one child, this evidence does not establish the dependency and neglect of the other children, and that the remaining evidence here was insufficient to support both the denial of respondent's motion for a directed verdict and the jury's verdicts finding each child to be dependent and neglected. We disagree.
Section 19-1-103(20), C.R.S.1973 (1978 Repl.Vol. 8), sets forth the criteria which must be established before a child may be adjudicated dependent and neglected. See C.M. v. People in the Interest of J.M., 198 Colo. 436, 601 P.2d 1364 (1979). A child may be considered dependent and neglected if his environment is injurious to his welfare or if his parent fails to provide the necessary care to maintain his health, guidance, or well being. Sections 19-1-103(20)(c) and (d), C.R.S.1973 (1978 Repl. Vol. 8).
In determining the dependency and neglect of a child, evidence that his siblings have been abused may be considered by the trial court as probative of whether the non-abused child lacks proper parental care. People in the Interest of C.R., 38 Colo.App. 252, 557 P.2d 1225 (1976). The record also reveals other evidence of an injurious home environment and inadequate parental supervision. Witnesses testified to having observed violent confrontations between respondent and her children and to respondent's erratic temper. Moreover, respondent suffers from Huntington's chorea, which experts opined may have had deleterious effects on her ability to care adequately for her children. Therefore, the incident between D.A.W. and B.W. was properly considered as evidence of the dependency and neglect of S.W., R.W., and D.W., since such evidence was indicative of a pervasive injurious home environment. See People in the Interest of C.R., supra; cf. Mendoza v. Pilcher, (No. 79CA0871, Announced December 18, 1980).
Where, as here, the trial court's order in a dependency and neglect proceeding is based on conflicting evidence, that order will not be disturbed on review. People in the Interest of D.L.R., Colo.App., 618 P.2d 687 (1980).

II.
Respondent additionally contends that the trial court accorded improper weight to D.A.W.'s illness as a basis for determining that the children were dependent and neglected. We disagree.
Of course, the removal of a child from the legal custody of a parent who suffers from a handicap cannot be presumed to be in the best interests of the child based on the fact of the handicap alone. In re Marriage of Carney, 24 Cal.3d 725, 157 Cal.Rptr. 383, 598 P.2d 36 (1979).
*744 Instead, the court must evaluate a handicapped parent's actual and potential physical capabilities, his adaptation to the disability, how other members of the family have adjusted to the disability, and the special contributions the person may make to the family. In re Marriage of Carney, supra. The paramount consideration in this type of proceeding is the best interests of the child. People in the Interest of S.S.T., 38 Colo.App. 110, 553 P.2d 82 (1976).
Throughout the dependency and neglect proceedings and the subsequent dispositional proceeding, the court here exhibited a sensitivity to the effect of Huntington's chorea upon respondent, upon each child, and upon the family as a whole. There is adequate evidence in the record to establish that the physical and psychological manifestations of this disease in this respondent contributed to an environment which was injurious to the welfare of each child. Cf. In re Marriage of Carney, supra; see § 19-1-103(20)(c), C.R.S.1973 (1978 Repl. Vol. 8).
Hence, the trial court did not err in finding that each child involved in the proceedings was dependent and neglected, and that the best interests of each child would best be served by placing them in the legal custody of the county department of social services. See People in the Interest of S.S.T., supra, and § 19-3-111(1)(c), C.R.S. 1973 (1978 Repl.Vol. 8) and C.R.J.P. 15.
We have examined respondent's remaining contentions of error and find them to be without merit.
Judgment affirmed.
VAN CISE and KELLY, JJ., concur.