The PEOPLE of the State of Colorado In the Interest of D. L. R., Child Upon the Petition of O. R., Petitioner,

And Concerning, L. A. R. and C. J., Respondents.

Mary Bernal GONZALES and Nicholas Gonzales, Petitioners,

v.

The DISTRICT COURT OF the COUNTY OF ADAMS, State of Colorado, and the Honorable James J. Delaney, a Judge thereof, Respondents.

Nos. 80SC172, 80SA404.

Supreme Court of Colorado, En Banc.

Nov. 30, 1981.

Rehearing Denied Dec. 21, 1981 (80SC172).

---

Max P. Zall, City Atty., Frank A. Elzi, Asst. City Atty., Clarence O. Bakken, Asst. City Atty., Denver, for petitioner O. R.

Lee J. Shapiro, P. C., Littleton, Guardian Ad Litem.

Gina B. Weitzenkorn, Denver, for respondents L. A. R. and C. J.

William E. Benjamin, Commerce City, for petitioners Gonzales.

Rebecca Parker, Asst. County Atty., Commerce City, for respondents District Court et al.

HODGES, Chief Justice.

We granted certiorari to review *People In Interest of D. L. R.*, Colo.App., 618 P.2d 687 (1980), *(D.L.R.)*, wherein the court of appeals reversed the judgment of the trial court which held that an infant was dependent and neglected. At the time of birth, the child was placed in the temporary custody of the Denver Department of Social Services. The reversal was premised on the holding of the court of appeals that, "Because the parents never had custody of, or responsibility for the care of the child, there was and could be no evidence that the child lacked proper care as a result of the acts or omissions of the parents." This holding is excessively narrow in construing sections 19–1–103(20) and 19–3–106 of the Colorado Children's Code, C.R.S.1973 (1978 Repl. Vol. 8). Evidence before the trial court clearly showed prospective harm to the child if placed with the parents. There is ample evidence in the record to support the judgment of the trial court. Accordingly, we reverse the judgment of the court of appeals.

*Gonzales v. District Court of the County of Adams,* is an original proceeding in this court. We issued a rule to show cause why the judgment finding the child neglected or dependent should not be vacated. Because the facts are similar to those in *D.L.R.,* we consolidated these cases. In view of our disposition in *D.L.R.,* we discharge the rule in *Gonzales.*

## D.L.R.

A petition in dependency and neglect was initiated in the trial court by the Department of Social Services of the City and County of Denver (Department), and was sustained after trial to a jury. The trial court then entered judgment adjudicating *D.L.R.* a neglected or dependent child. The parents (L.A.R. and C.J.) appealed and the court of appeals reversed the trial court's judgment, holding that there was insufficient evidence, as a matter of law, to sustain the finding of dependency and neglect. We disagree. The trial court's judgment was the appropriate disposition under the record of this case.

Section 19–3–106, C.R.S.1973 (1978 Repl. Vol. 8), provides that the trial court may adjudicate that a child is neglected or dependent when the allegations of the petition are supported by a preponderance of the evidence. At section 19–1–103(20), C.R.S.1973 (1978 Repl. Vol. 8) (1980 Supp.), a neglected or dependent child is defined as a child:

"(a) Whose parent, guardian, or legal custodian has abandoned him or has subjected him to mistreatment or abuse or whose parent, guardian, or legal custodian has suffered or allowed another to mistreat or abuse the child without taking lawful means to stop such mistreatment or abuse and prevent it from recurring;

(b) Who lacks proper parental care through the actions or omissions of the parent, guardian, or legal custodian;

(c) Whose environment is injurious to his welfare;

(d) Whose parent, guardian, or legal custodian fails or refuses to provide proper or necessary subsistence, education, medical care, or any other care necessary for his health, guidance, or well-being;

(e) Who is homeless, without proper care, or not domiciled with his parent, guardian, or legal custodian through no fault of such parent, guardian, or legal custodian;

(f) Who has run away from home or is otherwise beyond the control of his parent, guardian, or legal custodian."

The petition in this case is premised on subsections b, c, and f.

Essentially, the issue before us is whether a child may be adjudicated neglected and dependent under section 19–1–103(20) when the parents have never had custody of the child.

In determining whether the evidence is sufficient to sustain the jury verdict of dependency or neglect, we are governed by the well-settled rule of appellate procedure: The record is viewed in the light most favorable to the party successful in the trial court, and every inference fairly deducible from the evidence is drawn in favor of the judgment. *Beardshear v. Beardshear*, 163 Colo. 333, 432 P.2d 235 (1967); *Cottingham v. Star Bus Line*, 152 Colo. 188, 381 P.2d 25 (1963).

Expert testimony presented at trial by Dr. Lauer, a psychiatrist, established that the mother, L.A.R., is suffering from long-standing, chronic schizophrenia, and that based on his observations of L.A.R., along with his knowledge of schizophrenia, L.A.R. is incapable of appropriate empathy or understanding of others, such that a child would be in severe jeopardy in such an environment. Dr. Lauer further testified that the mother was unable to provide appropriate parenting without another person present. This latter view was corroborated by testimony of the mother's personal therapist.

Evidence at trial indicated that the father, C.J., had not performed those acts normally expected of a parent, that he has furnished no support for the child, and has only visited the child three or four times in seven months.

The facts of this case are dissimilar to the facts and evidence of those cases where we found the evidence was insufficient to support a finding of dependency or neglect. In *C. M. v. People*, 198 Colo. 436, 601 P.2d 1364 (1979), we found the evidence insufficient to support a finding of neglect or dependency, where the trial court's finding was based on the mother's problems in communicating, her apparent inability to manage

her money or her personal affairs, and that other people took advantage of her. In *Interest of T. H.*, 197 Colo. 247, 593 P.2d 346 (1979), we held that the People failed to establish that the child was neglected and dependent on evidence showing only that the child's condition would be improved by changing his parents or custodians. In *Daugaard v. People*, 176 Colo. 38, 488 P.2d 1101 (1971), we reversed the trial court's findings of neglect and dependency due to the dearth of evidence in the record supporting the finding. In *Daugaard*, it appeared from the record that no reasonable medical certainty or probability was shown to establish that the child's condition was marasmus, which is a progressive wasting and emaciation of infants, nor that, if it were marasmus, the condition was a result of improper parental care. We also noted in *Daugaard* that no evidence was offered that the mother was not emotionally, physically, or financially able to provide a suitable home for her child, while there was evidence showing that the mother had successfully raised two sons.

▪ Here, however, evidence of neglect and dependency is evident. The record exhibits the mother's inability to recognize the needs and limitations of her child, along with an inability to provide appropriate parenting by herself. Also, expert testimony at trial revealed that the long-term prognosis was poor. The mother's therapist testified that she had made substantial progress in combatting her illness, but that support systems would be necessary if the child were to be placed with her.

The parents contend that speculative evidence regarding possible future harm will not satisfy the statutory burden in establishing dependency or neglect. In support, they state that section 19–3–106 is written in the present tense, thus requiring a showing at the adjudicatory hearing of current harm to the child before a neglect or dependency petition may be sustained. However, a rule of statutory construction expressly states that words in the present tense include the future tense. Section 2–4–104, C.R.S.1973 (1980 Repl. Vol. 1B). Ac-

cordingly, the applicable statutory language must be interpreted to read "who lacks *or will lack* proper parental care." Section 19–1–103(20)(b), C.R.S.1973 (words and emphasis added). When applied in the instant case, the record establishes that the mother's condition results in a present inability to care for her child, and that such condition will continue indefinitely. The required statutory showing is therefore satisfied. We further note that a neglect or dependency proceeding is preventative as well as remedial. Under the circumstances of this case, requiring that a child be placed with parents in order to determine whether proper care and control will be provided or that harm would be done to the child, might prove detrimental to the child. Such a course would be in clear contravention of the plain purpose and meaning of the statutes relating to neglect and dependency.

▪ The court of appeals also ruled that in the instant adjudicatory proceedings there was no probative value to the evidence concerning the status of the mother's two older children. Although the two children had been adjudged neglected and dependent in earlier proceedings, the court of appeals ruled such evidence inadmissible as being too remote in time and not properly at issue before the court. However, it has been held repeatedly that the trial court may properly consider the treatment accorded other children in determining whether the child before it is neglected and dependent. *People In Interest of D. A. K.*, *supra; People In Interest of B. W.*, Colo. App., 626 P.2d 742 (1981); *People In Interest of C. R.*, 38 Colo.App. 252, 557 P.2d 1225 (1976). We reaffirm this principle here.

### Gonzales v. District Court of the County of Adams

▪ In this case, the parents stipulated that the child was homeless and lacked proper care. At time of birth, the child was placed in the temporary custody of the Adams County Department of Social Services. In addition, it was indicated that the mother was unable to adequately care for the child, and that both parents had failed to

follow the agreed upon case plans recommended by the Adams County Department of Social Services. Based on the stipulation, the trial court adjudged the child neglected and dependent under section 19–3–106, C.R.S.1973 (1978 Repl. Vol. 8), and placed the child under the care of the Adams County Department of Social Services. Relying on the court of appeals' decision in *People In Interest of D. L. R., supra*, petitioners subsequently filed a Motion to Set Aside Decree in Dependency and Neglect, asserting that the juvenile court had been without proper jurisdiction to hear their case.

Essentially, petitioners' contend that because they never had physical custody of the child, the child could not be adjudged neglected or dependent; consequently, the juvenile court lacked subject matter jurisdiction over the child.

Under section 19–1–104(1)(c), C.R.S.1973 (1978 Repl. Vol. 8), a juvenile court has jurisdiction over any child who is neglected or dependent as defined in section 19–1–103(20), C.R.S.1973 (1978 Repl. Vol. 8). With reference to *D.L.R.*, we have now ruled that the statute on dependency and neglect can be satisfied upon a proper showing of prospective harm to the child. Accordingly, the Juvenile Court of the District Court of Adams County had subject matter jurisdiction over the neglect or dependency proceeding in question. It did not commit error in dismissing petitioners' Motion to Set Aside Decree in Dependency and Neglect.

In *D.L.R.* (No. 80SC172), we reverse the judgment of the court of appeals.

In *Gonzales* (No. 80SA404), we discharge the rule.