The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

James L. WEESE, Defendant-Appellant.

No. 86CA0167.

Colorado Court of Appeals,
Div. III.

Nov. 12, 1987.

Rehearing Denied Dec. 3, 1987.

Certiorari Denied April 18, 1988.

Duane Woodard, Atty. Gen. Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia A. Savage, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Thomas R. Williamson, Deputy State Public Defender, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant appeals the judgment of conviction entered on a jury verdict finding him guilty of vehicular homicide and criminal impersonation. We affirm.

### I.

Defendant first contends that the trial court abused its discretion by refusing to sever the criminal impersonation charge from the vehicular homicide charge. However, we do not consider this contention because defendant failed to renew his motion to sever during trial or at the close of the evidence, thus barring appellate review of his claim.

Approximately three months before trial, defendant moved to sever the two charges, as well as a separate driving after judgment prohibited charge. At a pretrial hearing on his motion, the trial court severed the driving after judgment prohibited count, but denied the motion as to the other charges.

On the first morning of trial, before jury selection began, defendant renewed his motion to sever the remaining charges. The trial court again denied the motion. Defendant failed to renew his motion to sever at any time during trial or at the close of the evidence. He did reiterate his objection to joinder in his motion for new trial.

A defendant seeking appellate review of a trial court's discretionary denial of severance must renew the severance motion during presentation of evidence at trial or be deemed to have "waived his right to challenge on appeal the trial court's denial of his pretrial motion to sever the charges." *People v. Aalbu*, 696 P.2d 796 (Colo.1985). *See also* 2 ABA, *Standards for Criminal Justice*, Standard 13–3.3(c).

The decision to seek severance is likely to be based on tactical factors, often involving complex considerations. *See People v. Peterson*, 656 P.2d 1301 (Colo.1983). Thus, where, as here, a pretrial motion for severance indicates that a defendant is aware of the risk presented by joinder of charges, failure to timely renew the motion and alert the trial court to the need to reconsider its original decision in light of the evidence presented at trial is deemed an election to seek a jury determination of the charges despite the risk, and that election operates as a waiver of the right to seek review even for plain error. *See People v. Aalbu, supra; People v. Peterson, supra. See also* 2 ABA, *Standards for Criminal Justice*, Standard 13–3.3(a) at 13–40 (commentary). *United States v. Guess*, 745 F.2d 1286 (9th Cir.1984), *cert. denied*, 469 U.S. 1225, 105 S.Ct. 1219, 84 L.Ed.2d 360 (1985) (failure to renew motion for severance " 'cannot serve as insurance against an adverse verdict' "; motion is waived for purposes of appeal if not timely renewed). Accordingly, defendant's claim on this issue is deemed to have been waived, and will not now be reviewed.

## II.

Defendant also asserts that, under CRE 1003, microfilm copies of two Colorado driver licenses, which copies reproduced fingerprints used to establish the criminal impersonation charge, should have been excluded from evidence. He argues that there was insufficient assurance that the copies accurately duplicated the fingerprints in the original records. We disagree.

A custodian for the Division of Motor Vehicles (DMV) testified that he had compared the copies with the originals filed in the DMV, and that they were accurate. The People's fingerprint expert testified that the fingerprints in each exhibit matched those taken from defendant and contained in another exhibit. Even though the print in one contested exhibit was difficult to read, the expert testified that, through use of a special fingerprint glass, he was able to find sufficient points of comparison to determine that it matched the fingerprint taken from defendant.

This testimony was sufficient to support admission of the exhibits under CRE 1005 which rule allows the content of public records to be proved by copies testified as correct by a witness who has compared the copy with the original. Any question concerning the expert's ability to make a dependable comparison from the photocopies went to the weight to be given his testimony, not to the admissibility of the copies. *See People v. Gomez*, 189 Colo. 91, 537 P.2d 297 (1975). Thus, the exhibits were properly admitted.

Judgment affirmed.

ENOCH, C.J., and STERNBERG, J., concur.