**The PEOPLE of the State of Colorado,
Petitioner–Appellee,**

**In the Interest of T.W. and
J.P.G.W., Children,**

**and Concerning**

**W.J.W., Respondent–Appellant.**

**No. 89CA1598.**

Colorado Court of Appeals,
Div. IV.

Aug. 2, 1990.

Robert J. Safranek, Limon, for petitioner-appellee.

Stan M. Kimble, Limon, for respondent-appellant.

Opinion by Judge METZGER.

The father, W.J.W., appeals from a dispositional order entered pursuant to an adjudication of dependency and neglect with respect to his children, T.W. and J.P.G.W. We affirm.

This dependency and neglect proceeding concerning father's natural children was commenced after he had been charged with aggravated incest with respect to his stepdaughter. Following his conviction, the father admitted certain provisions of the petition in dependency and neglect and an order of adjudication was entered.

Thereafter, the father asked that a treatment plan be adopted for him and that he be granted supervised visitation with his children. However, he refused to cooperate in any manner in the formation of a treatment plan because of the ongoing criminal proceedings. Following a disposi-

tional hearing, the trial court denied father's requests, finding that an appropriate treatment plan could not be devised and that the best interests of the children required denial of visitation.

## I.

The father contends that the trial court erred in refusing to adopt a treatment plan. We disagree.

■ When the Children's Code was repealed and reenacted in 1987, an additional basis for termination of the parent-child legal relationship was included; this additional basis for termination dispensed with the necessity of adopting an appropriate treatment plan under certain circumstances. Section 19-3-604(1)(b), C.R.S. (1989 Cum.Supp.); *People in Interest of C.S.M.* (Colo.App. No. 89CA0926, July 5, 1990). However, § 19-3-508(1)(e), C.R.S. (1989 Cum.Supp.), which requires the trial court to adopt an appropriate treatment plan following an adjudication of dependency and neglect (unless the adjudication is based on abandonment), *People v. District Court*, 731 P.2d 652 (Colo.1987); *People in Interest of M.C.C.*, 641 P.2d 306 (Colo.App. 1982), was not amended to correspond with the newly enacted termination provision. *See People in Interest of C.S.M., supra.* Therefore, the father contends the trial court violated § 19-3-508(1)(e) in refusing to adopt a treatment plan. We reject this contention.

Sections 19-3-508(1)(e) and 19-3-604(1)(b) must be read *in pari materia* since they are part of the same code and pertain to the same subject. *Colorado Department of Social Services v. Board of County Commissioners*, 697 P.2d 1 (Colo. 1985). Construction of these statutory provisions should be harmonious, rather than conflicting, giving effect to both. *People in Interest of S.J.C.*, 776 P.2d 1103 (Colo. 1989); §§ 2-4-201(1)(b) and 2-4-205, C.R.S. (1980 Repl.Vol. 1B).

In order to effectuate the purposes of the Children's Code, *see* § 19-1-102(1), C.R.S. (1989 Cum.Supp.), the General Assembly has mandated that the Code's provisions "shall be liberally construed to serve the welfare of children and the best interests of society," § 19-1-102(2), C.R.S. (1989 Cum.Supp.) and the courts have sought to give effect to this directive. *See People v. District Court, supra,* and cases cited therein.

After entry of an order adjudicating a child as dependent or neglected, the court must hear evidence on the disposition that will best serve the interests of the child and the public. Section 19-3-109(1), C.R.S. (1989 Cum.Supp.). If a treatment plan is to be part of this disposition, it must be one "reasonably calculated to render the particular respondent fit to provide adequate parenting to the child within a reasonable time and which is relative to the child's needs." Section 19-3-111(1)(e)(II), C.R.S. (1989 Cum.Supp.); *see also People in Interest of C.A.K.,* 652 P.2d 603 (Colo.1982).

Because the plan, by its nature, should address "conduct that must be remedied," *see People v. District Court, supra,* it follows that clear and convincing evidence of irremediable conduct is no less relevant a consideration at a dispositional hearing following a dependency and neglect adjudication than it would be at a termination hearing. To require a trial court to ignore a parent's irremediable conduct at a dispositional hearing and devise a treatment plan that is doomed to failure would both contravene the purposes of the Children's Code and elevate form over substance.

Thus, construing §§ 19-3-508(1)(e) and 19-3-604(1)(b) to effectuate both, we conclude that the amendment of the latter permits a trial court at the dispositional stage of a dependency and neglect proceeding, to determine that an appropriate treatment plan cannot be devised. Such a determination must be based on the criteria set forth in § 19-3-604(1)(b).

■ Here, the trial court found, on supporting evidence, that the father had been convicted of aggravated incest with respect to his step-daughter. This finding is sufficient to satisfy § 19-3-604(1)(b)(IV), C.R.S. (1989 Cum.Supp.). That statute provides that a treatment plan need not be devised if, because of proven parental abuse, a

parent has subjected a sibling of the child who is the subject of the dependency and neglect proceeding to a gravely disabling injury.

The trial court further found, on ample supporting evidence, that the Department of Social Services was unable to interview the father to obtain psychological data and other information concerning his activities with the children because his attorneys in the aggravated incest case had advised him not to talk to any person concerning his relationship with his children and stepchildren. The record shows that the absence of this vital information precluded formation of any meaningful treatment plan. Accordingly, the trial court did not err in determining that an appropriate treatment plan could not be devised at the dispositional stage of the dependency and neglect proceedings. *See generally People in Interest of C.S.M., supra; cf. People v. District Court, supra* and § 19–3–207(2), C.R.S. (1989 Cum.Supp.) (if a treatment plan requiring parents to undergo counseling with respect to alleged abuse is adopted in a dependency and neglect proceeding, the trial court may issue protective orders prohibiting the use of any statement made by the allegedly abusive parents in any criminal or civil action).

## II.

The father next contends that the trial court erred in denying him visitation with his children. Again, we disagree.

■ Prior to termination of the parent-child legal relationship, a parent retains a residual right to visit with his children. *See People in Interest of M.M.*, 726 P.2d 1108 (Colo.1986); § 19–3–102(1), C.R.S. (1989 Cum.Supp.). However, exercise of this residual parental right is tempered by the paramount consideration in a dependency and neglect proceeding—the best interests of the children. *See People in Interest of B.W.*, 626 P.2d 742 (Colo.App.1981).

Here, the Department of Social Services' report stated that "there is a strong possibility" that sexual assault may have been committed by the father on T.W. The trial court found that T.W. became extremely upset before and after visits with her father, and that the best interests of both children required denial of visitation. These findings are well supported by the record. Accordingly, the order denying visitation will not be disturbed on review. *See People in Interest of C.A.K, supra.; People in Interest of B.W., supra.*

Order affirmed.

JONES and MARQUEZ, JJ., concur.