## No. C-933

## George Phillip Spann v. The People of the State of Colorado
(561 P.2d 1268)

Decided April 4, 1977.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Mary G. Allen, Deputy, for petitioner.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, E. Ronald Beeks, Assistant, J. Stephen Phillips, Assistant, for respondent.

*En Banc.*

MR. JUSTICE CARRIGAN delivered the opinion of the Court.

We granted certiorari to review the decision of the Colorado Court of Appeals, 37 Colo. App. 152, 549 P.2d 427 (1975), which affirmed the trial court's denial of the petitioner's motion under Crim.P. 35(a) for probation or reduction of his sentence. We reverse and remand with instructions.

The petitioner pleaded guilty to violating section 35-43-128, C.R.S. 1973, by killing a neighbor's calf, and applied for probation. He was thirty-nine years old, had no prior criminal convictions, had been married sixteen years, and provided the sole support for his wife and their five children. The petitioner had an alcohol problem and had been drinking both

beer and whiskey on the day of the offense. His job as a mill hand would have been continued if he were granted probation. The District Attorney did not oppose probation.

In denying probation, the trial judge indicated that because the petitioner's family had been in cattle ranching for several generations, he should have appreciated the significance of killing the calf. A penitentiary sentence of three to five years was imposed.

Petitioner filed a timely motion pursuant to Crim.P. 35(a) seeking probation or reduction of his sentence. At the hearing on that motion, his wife testified regarding the family's hardship, a letter from his penitentiary treatment supervisor strongly recommended release, and another letter offered him a job. The trial judge, in a rambling discourse on many subjects irrelevant to the pending motion, refused to grant probation or reduce the sentence.

Petitioner appealed. In a two-to-one decision, the Court of Appeals characterized the sentence as "excessive under the circumstances," but held that the trial court's "decision is not reviewable because determination of the sentence to be received by an individual defendant is a matter left to the discretion of the trial court, within the bounds provided by the legislature." The dissenting opinion took the position that, instead of exercising judicial discretion, the trial judge had decided the motion on the basis of irrelevant facts.

 Rule 35(a) provides the trial court an opportunity to reconsider, in the interest of justice, a sentence previously imposed. It is the trial court's duty to consider all relevant and material factors, including new evidence as well as facts known at the time the original sentence was pronounced. *People v. Smith*, 189 Colo. 50, 536 P.2d 820, 822 (1975). The court has an affirmative obligation to exercise judicial discretion in deciding whether to modify the sentence previously imposed and to base the decision on relevant evidence, not personal whim.

 The judicial branch, like the executive and legislative, is subject to the doctrine that ours is a government of laws, not of men.[1] Judicial discretion is not personal discretion. All judicial power is held in trust for the people, having been delegated by them through the constitution. Trial judges may exercise judicial discretion only according to law, and a trial judge's exercise of discretion is subject to this court's supervisory authority granted by Colorado Constitution Article VI, section 2(1). Judicial discretion cannot be distorted to camouflage or insulate from appellate review a decision based on the judge's personal caprice, hostility or prejudice.

---

[1] *See Joint Anti-Fascist Refugee Committee v. McGrath*, 341 U.S. 123, 177, 71 S.Ct. 624, 651, 91 L.Ed. 817, 856 (1950) (Douglas, J. concurring). The phrase was authored by John Adams as part of the original draft of the Massachusetts constitution.

Other courts have held that a trial judge's discretionary rulings on sentencing and probation are subject to review for abuse of discretion. *See e.g., United States v. MacClain*, 501 F.2d 1006 (10th Cir. 1974) (setting aside sentences for refusal to submit to induction into the armed forces as abuse of discretion). Alternatively, the general supervisory power of appellate courts to review trial court action has been employed in this context. *United States v. Wiley*, 278 F.2d 500 (7th Cir. 1960) (appellate court set aside sentence which trial court had reimposed contrary to intimations in prior appellate opinion that sentence should be reduced). Apparently no case has held that a trial court's action under Rule 35 of the Federal Rules of Criminal Procedure, which is nearly identical to Crim.P. 35(a), is not reviewable. 8 *Moore, Federal Practice* ¶35.02[4]; 2 *Wright, Federal Practice and Procedure* § 588 (1969).

This petitioner was entitled to have the trial court consider all the relevant information presented in support of his Rule 35(a) motion and exercise judicial discretion to reach a reasoned judgment based on the evidence. The record supports the conclusion that the trial judge did not do so, but rather failed to exercise *any* judicial discretion. Moreover, the record indicates that the trial court acted capriciously, basing his decision on personal considerations rather than on the evidence. The fact that a trial court has discretion in deciding a matter does not justify exercising that discretion arbitrarily or capriciously. *People v. Wade*, 53 Cal.2d 322, 348 P.2d 116, 1 Cal. Rptr. 683 (1959) (reversed denial of probation and ordered hearing because trial court failed to consider probation application on the merits). *See also State v. Moretti*, 50 N.J. Super, 223, 141 A.2d 810 (App. Div. 1958) (while revocation of probation is discretionary, trial court will be reversed for a gross or manifest abuse of discretion).

As Chief Justice Hughes stated in *Burns v. United States*, 287 U.S. 216, 222-23, 53 S.Ct. 154, 156, 77 L.Ed. 266, 270 (1932), the exercise of judicial discretion "implies conscientious judgment, not arbitrary action. . . . It takes account of the law and the *particular circumstances of the case* and is directed by the reason and conscience of the judge to a just result." (Emphasis added.)

The trial court's judgment denying the Rule 35(a) motion is hereby vacated, and that motion is remanded for a prompt hearing before a different trial judge.