## No. 27948

## The People of the State of Colorado v. John Aaron Newman

(578 P.2d 1051)

Decided May 15, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, James S. Russell, Assistant, for plaintiff-appellee.

John Purvis, Acting Public Defender, Patrick J. Canty, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

In November 1976, this defendant, 18 years of age, pled guilty to second-degree burglary of a tavern located at Hotchkiss, Colorado. In March 1977, he was placed on probation for two years. One of the conditions of probation was that the defendant should not violate any of the laws of Colorado or any other state.

The defendant's probation officer filed a report and complaint alleging that on June 6, 1977, the defendant had violated a condition of his probation by committing the crime of first-degree criminal trespass (section 18-4-502, C.R.S. 1973).

The trial court conducted a revocation hearing, took evidence and found that the defendant had committed this crime. The trial court revoked the defendant's probation and imposed an indeterminate sentence in the penitentiary of not more than five years.

■ On appeal, the defendant attacks the constitutionality of the first-degree criminal trespass statute and also asserts that the evidence at the revocation hearing was wholly insufficient to establish the offense. We hold that the defendant's argument in support of his constitutional attack on the statute is without merit.

■ On the sufficiency of evidence issue, it appears from the record that even though the evidence is marginal, it is sufficient to establish the trespass offense at a revocation of probation hearing. However, from the oral argument and from our review of the record, we are of the view that the revocation of defendant's probation and the imposition of the penitentiary sentence under the facts in this case are unfair and grossly unjustified. At best, the evidence of trespass in this case is weak and should have been viewed by the trial court in light of mitigating circumstances which tended to show that the defendant had reason to believe that he had permission to be on the premises involved. On this record we find that the trial judge was arbitrary and capricious when he revoked the defendant's probation and imposed the indeterminate to five-year term in the penitentiary. We therefore reverse and remand with directions that the defendant be released from the penitentiary and that his probation be reinstated.

At the time of this offense, the first-degree criminal trespass statute, section 18-4-502, C.R.S. 1973, provided:

"A person commits the crime of first degree criminal trespass if he unlawfully enters or remains in a dwelling or if he enters any motor vehicle with intent to steal anything of value. First degree criminal trespass is a class 5 felony."[1]

---

[1] This statute has been amended, effective July 1, 1977 to now require that the actor ". . . *knowingly* and unlawfully enters or remains in a dwelling. . . ." (Emphasis added.) Colo. Sess. Laws 1977, ch. 224, 18-4-502 at 963.

The trial court at the revocation hearing found that the following evidence established a violation and that it justified revoking this defendant's probation and imposing upon him an indeterminate to five-year sentence in the penitentiary.

On June 3, 1977, the defendant traveled to Durango, Colorado to attend a relative's wedding. Afterwards, he began looking for a place to stay overnight. He made the acquaintance of three young men who lived in a house located at Bayfield, Colorado, a few miles from Durango. The defendant was told that he could spend the night in this house and was driven to Bayfield, Colorado. He spent the following two nights there.

After the second night, the roommates decided to go camping in the mountains and drove the defendant to Durango. The defendant testified that one of the roommates told him that someone ought to be back at the house around 6:00 p.m. that evening. The roommate who made this remark did not testify at the revocation hearing. One of the other roommates testified that he did not recall this statement having been made but that he was quite certain that the defendant had not been given any express permission to spend that night at the house.

Some time after the roommates left the defendant in downtown Durango, he hitchhiked back to Bayfield and arrived at the house about 5:30 p.m. Rain began to fall at 7:30 p.m. The house was shut, locked, and no one was inside. At about 11:30 p.m., according to the defendant's testimony, he entered the house by removing a screen from a window. He also testified that he had left a bedroll and knapsack in the house. He slept on the floor in his bedroll that night. Later, one of the roommates returned and drove the defendant back to Durango the following day. This roommate testified that he had no intention at this time to make any complaint about the fact that the defendant did enter the house and spend the night there. This roommate, however, was later contacted by the probation officer who was told about these facts. Apparently on this basis, the probation officer requested that the defendant's probation be revoked, and that he be sent to the penitentiary. Defendant insisted during his testimony that he had permission to spend another night at the house.

This record contains no indication of any aggravating circumstances involved in this so-called trespass. On the other hand, the defendant had been invited to spend the first night at the house and stayed over for the second night. He testified that he believed he had permission to enter the house the third night and to spend the night as he did.

The foregoing facts do not justify the disposition imposed by the trial court in this case. On the basis of fundamental fairness and even-handed

justice, we regard the disposition here as unjustified. In our view, the trial judge acted arbitrarily and capriciously in this case. *See Spann v. People,* 193 Colo. 53, 561 P.2d 1268 (1977).

The judgment of the trial court is reversed and we remand this cause with directions that this defendant be released from the penitentiary and that his probation be reinstated with appropriate conditions.