MR. JUSTICE CARRIGAN
delivered the opinion of the Court.
The trial court denied the defendant’s Crim. P. 35(a) motion to reconsider or reduce his sentence, and he appealed. We affirm.
On February 5, 1977, two masked men entered a Pizza Hut in Lamar, Colorado, one carrying a shotgun and the other, a pistol. They demanded and received all the money in the cash register. As a result of this incident the defendant was charged with armed robbery and theft of over $200.00. Pursuant to a plea bargain, the defendant pleaded guilty to an added charge of simple robbery, a class 4 felony (section 18-4-302, C.R.S. 1973 (1978 Repl. Vol. 8)), in exchange for dismissal of the two counts alleging armed robbery and theft.
At the sentencing hearing, the trial court denied the defendant’s request for probation and sentenced him to a term of one day to ten years at the Colorado State Reformatory. The trial court expressly refused to give the defendant credit for ten days he had spent in jail while awaiting trial. Section 16-11-306, C.R.S. 1973.
Subsequently, the defendant filed a Crim. P. 35(a) motion for reconsideration of his sentence. A hearing was held and the defendant presented evidence to support the motion. The trial court refused to reduce the sentence or to grant probation. We hold that the trial court did not abuse its discretion in denying this motion, and therefore we affirm the judgment.
In deciding whether to modify a sentence previously imposed a trial court has the affirmative duty to exercise judicial discretion by considering all relevant and material factors, including new evidence as well as facts known at the time the original sentence was imposed. Crim. P. 35(a); Spann v. People, 193 Colo. 53, 561 P.2d 1268 (1977). Personal whim, hostility or prejudice must not be the basis for the trial court’s decision. Spann v. People, supra. Although a trial court has broad discretion in sentencing, we recognized in Spann that there may be circumstances in which the exercise of this discretion, or failure to exercise it, is subject to review by this court pursuant to its constitutional supervisory authority. Colo. Const., Art. VI, sec. 2(1).
*155 The defendant contends that the trial court failed to exercise any discretion when it refused to reduce the sentence previously imposed. However the records of the original sentencing hearing and of the hearing on the Rule 35(a) motion amply demonstrate that the trial court considered all relevant factors in imposing the sentence and properly exercised its discretion in denying the Rule 35(a) motion.
At the sentencing hearing, the defendant’s request for probation stressed (1) no prior record (except for minor traffic offenses), and (2) the gun he used in the robbery was incapable of firing. The court considered these mitigating factors, but decided that they were outweighed by other circumstances surrounding commission of the crime, the gravity of the offense, the need to punish and deter the defendant, and the probation department’s presentence recommendation that probation be denied. In the trial court’s judgment, the case was one where incarceration, not probation, was appropriate.
At the hearing on the Rule 35(a) motion to reconsider the sentence, the court commended the defendant on his progress toward rehabilitation at the reformatory and acknowledged his positive attitude. Yet, after considering these additional factors, the court felt compelled to deny the motion in light of its general policy to impose like sentences for like crimes and its desire to have the defendant under parole department supervision if he were released. The trial court also considered, as a factor influencing its decision, the absence of any recommendation, in the correctional Diagnostic Services program summary, for a change in the sentence.
It is abundantly clear from the record that this is not a Spann-type case. The court here affirmatively exercised its discretion, basing its decision on legitimate sentencing policy considerations and relevant factors presented in the individual case. Because the decision is supported by adequate evidence in the record, we do not find that the trial court abused its discretion in denying the defendant’s motion for reconsideration of his sentence.[1]
Accordingly we affirm the trial court’s judgment.

 We note that the defendant raises for the first time here a contention that he should be credited with ten days time served in jail while awaiting trial. Because the defendant is already on parole and this issue was not timely raised, we decline to address it. In any event, the record indicates that the trial court did take this pretrial confinement into account in imposing sentence.