602 P.2d 850 (1979)
Sarah OVERTURF, formerly Sarah Abila, Petitioner,
v.
The DISTRICT COURT OF the 20TH JUDICIAL DISTRICT and the Honorable Horace B. Holmes, District Court Judge, Respondents.
No. 79 SA 423.
Supreme Court of Colorado, En Banc.
November 13, 1979.
Harriet Templer Moskovit, Boulder, for petitioner.
James M. Downey, Asst. County Atty., Boulder, for respondents.
DUBOFSKY, Justice.
Petitioner Sarah Overturf requested a writ of mandamus ordering the trial court to decide a question of termination of her parental rights. We issued the rule to show cause and now make the rule absolute.
The district court has withheld decision for more than two years after a termination hearing under conditions which, the petitioner alleges, have caused what may be a permanent estrangement from her children. At the most recent court hearing, in September, 1979, the court again postponed its decision, and set a new hearing date in December.
The matter in question dates back to 1972, when the petitioner, who was having financial and psychological problems, was advised by a social worker with the Boulder County Social Services Department to place her two children in foster homes. The petitioner did so, and the social worker then required petitioner to meet with her before each visit with the children. The petitioner describes the meetings as efforts by the social worker to force the petitioner to regard herself as inadequate. As a result of the painful and intimidating sessions with the social worker, petitioner stated that her visits with her children became infrequent.
The petitioner had a third child in 1973. This child was taken from her in July, 1974, when the petitioner was arrested and jailed for six months on a bad check charge. The same social worker told her the child would be returned when she was released from jail. However, when she sought the return of the child, the social worker refused to *851 tell her where the child was, and the petitioner has not been permitted to see the child since. No information about the child was presented by the Department of Social Services at any of the subsequent hearings.
On May 25, 1975, the Boulder County Department of Social Services initiated a dependency petition for petitioner's three children. All of the children were in foster homes when they were declared dependent and neglected by the court in September, 1975. The dependency order, prepared by the People and signed by the court, denied the petitioner any right of visitation with any of the children. A denial of visitation had not been requested at the dependency hearing. The order denying visitation continued for the oldest child until the fall of 1978, for the middle child until the spring of 1979, and it is still in effect for the youngest child. The petitioner has not seen her youngest child since the day she was taken to jail in 1974 when he was ten months old.
In 1977 the State requested termination of petitioner's parental rights. This request was based on the petitioner's failure to visit her children even though such visits had been forbidden by the 1975 dependency order. A two-day trial on the termination was held in September. Two alternative remedies were submitted to the court by the petitioner pursuant to section 19-3-109(1), C.R.S.1973. People in re M.M., 184 Colo. 298, 520 P.2d 128 (1974), People in the Interest of M.B., 188 Colo. 370, 535 P.2d 192 (1975). The court ignored these proposals and took the matter under advisement and has yet to enter a final judgment.
Petitioner's psychological state was one reason the social worker suggested that the two older children be placed in foster homes in 1972. Since 1975 the court has ordered an evaluation of petitioner four times by four different psychiatrists. During this same period, petitioner has re-ordered her life, remarried, and had a fourth child. Testimony at the termination trial in 1977 was favorable as to petitioner's mothering abilities for her fourth child who was born in 1976. The other children, now ages 6, 8 and 12, are growing up without the security of a permanent home. The court refused earlier this year to terminate the parental rights for the 12 year old who resides at Wallace Village. The hearing set for December 12, 1979 is to receive a report on the most recent examination.
Petitioner continually has urged the court to decide the case forthwith. This original proceeding followed the trial court's most recent refusal to rule on the pending termination of parental rights for the second and third children.
The court's failure to decide parental rights for the three children, combined with its orders prohibiting and restricting visitation, has created and aggravated psychological problems for the children. The same court action (or inaction) has inhibited the mother's right to either develop a parental relationship with her children or to re-order her life without her children. Here, inaction is tantamount to termination when children are in foster homes and no visitation by the mother is allowed. Termination of parental rights is a decision of the utmost seriousness entitled to fourteenth amendment substantive due process protection, Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 1213, 31 L.Ed.2d 551, 559 (1972). See also People in the Interest of T. H., D. H., F. H. (Children) and concerning F. I., E. I., R. D. H. (Respondents), Colo., 593 P.2d 346 (1979).
The respondent trial court justifies its inaction because of the need to consider alternatives to termination of parental rights based on psychiatric evaluation of the parent. People in the Interest of H. A. C. v. D. C. C., Colo., 599 P.2d 881 (1979). When, as here, the court has ordered several psychiatric evaluations, its request for another psychiatric evaluation becomes an excuse to postpone its decision yet again. The court's past actions and inactions have created the petitioner's present predicament. Petitioner admits that when she has not seen the two younger children for several years there may be real questions about taking the children from foster homes and returning them to her. Under these facts, we conclude that it would be *852 best for another judge to resolve parental rights.
The trial court has an affirmative obligation to exercise judicial discretion. That obligation is subject to this Court's supervisory authority granted by Colorado Constitution, Art. VI, Section 2(1). Spann v. People, 193 Colo. 53, 55, 561 P.2d 1268, 1269 (1977). Here, the trial judge failed to exercise any discretion and the consequences of such failure have become inextricably entangled with the merits of the case.
The rule is made absolute, and the case remanded for prompt hearing and resolution before a different trial judge.