The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Joseph Lincoln HUNT, Defendant-Appellant.

No. 79SA573.

Supreme Court of Colorado, En Banc.

Aug. 4, 1981.

Rehearing Denied Aug. 24, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Lynne Ford, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Michael J. Heher, Deputy State Public Defender, Denver, for defendant-appellant.

HODGES, Chief Justice.

The defendant-appellant appeals his sentence of three to four years in the state penitentiary for the offense of driving after judgment prohibited, section 42–2–206, C.R.S.1973. We affirm the sentence.

The defendant has a long and continuous history of driving and alcohol related offenses. The instant charge, to which the defendant pled guilty, involved an offense which occurred less than two months after the defendant had completed his parole following an eighteen month sentence to the state penitentiary for a similar offense. Since 1966, the defendant has been committed to the Alcohol Treatment Center at the Colorado State Hospital five times, and placed in a detoxification center five to seven times. The defendant's parole officer indicated that during the defendant's previous parole there had been numerous reports concerning his drunkenness.

The presentence report detailed the defendant's history of alcohol related offenses which supports the report's conclusion that the defendant is an alcoholic who would likely offend again. He therefore constituted an immediate and continuing threat of alcoholic related driving offenses to society. The report recommended a maximum sentence followed by an institutional transfer to the state hospital for intensive therapy for alcoholism and related problems.

Driving after judgment prohibited, section 42–2–206, is a class five felony carrying a possible maximum sentence of five years imprisonment. Because of the defendant's prior felony conviction within the preceding five-year period, a minimum sentence of one year was mandated. Section, 16–11–101(1)(d), C.R.S.1973 (now in 1978 Repl. Vol. 8). While imposing sentence, the trial court noted the record of the defendant's driving and alcohol related offenses beginning in 1960. The trial court concluded that the defendant posed a danger to the driving public and that the sentence he was imposing was fully justified. While sympathetic to the defendant's alcohol dependency, the judge indicated that the defendant's inability to refrain from driving while under the influence of alcohol or from driving when he was prohibited from doing so necessitated a substantial sentence in order to protect the public safety.

Although the sentencing judge initially was uncertain as to a proper sentence, counsel for both the defendant and the People were permitted by the trial court to be heard as to an appropriate sentence. *See generally* section 16–11–102(5), C.R.S.1973 (1978 Repl. Vol. 8); Crim. P. 32(b)(1). Also, the trial court before imposing sentence considered the nature of the offense, the character of the offender, and the public interest in safety and deterrence. *See* section 18–1–409(1), C.R.S.1973 (now in 1978 Repl. Vol. 8); C.A.R. 4(c)(1); *People v. Culbertson,* 198 Colo. 153, 596 P.2d 1200 (1979); *Spann v. People,* 193 Colo. 53, 561 P.2d 1268 (1977). The trial court's discussion of the defendant's prior criminal record and his concern for the public safety amply demonstrates the trial court's full consideration of all factors in the proper exercise of its judicial discretion.

Nor is the defendant's sentence excessive or unduly harsh. The trial court reached a fair accommodation of the competing facets of tailoring an appropriate sentence in this case. *See, e. g., People v. Warren,* Colo., 612 P.2d 1124 (1980); *Triggs v. People,* 197 Colo. 229, 591 P.2d 1024 (1979). The public interest in safety and deterrence, coupled with the defendant's demonstrated refusal to refrain from drinking and driving justifies the sentence imposed. *E. g., People v. Watkins,* Colo., 613 P.2d 633 (1980).

We do not address the defendant's remaining arguments as they are without merit. *See People v. McKenna,* Colo., 611 P.2d 574 (1980) and *People v. Francis,* Colo., 630 P.2d 82 (1981).

The sentence is accordingly affirmed.