**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Darral ELLIS, Defendant–Appellant.**

**No. 92CA0632.**

Colorado Court of Appeals,
Div. II.

Nov. 4, 1993.

Rehearing Denied Dec. 16, 1993.

Certiorari Denied May 9, 1994.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Roger G. Billotte, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Samuel Santistevan, Deputy State

Public Defender, Denver, for defendant-appellant.

Opinion by Judge TAUBMAN.

Defendant, Darral Ellis, appeals the order of the trial court denying his Crim.P. 35(b) motion to reduce sentence. We affirm.

Defendant was driving an automobile at a high rate of speed while intoxicated. He drove off the roadway, colliding with objects and parked cars, and causing injury to a pedestrian that necessitated amputation of her foot.

Defendant entered a plea of guilty to vehicular assault. Related charges were dropped, and a six-year sentencing cap was promised. Defendant was sentenced to incarceration for a term of six years.

Defendant filed a Crim.P. 35(b) motion, seeking reduction of his sentence. He was then accepted in the regimented inmate training program pursuant to § 17–27.7–103, C.R.S. (1993 Cum.Supp.). The purpose of this program is to give offenders a chance to demonstrate their willingness to rehabilitate themselves to the extent that a sentence reduction is earned and warranted. Following completion of this program, the Department of Corrections referred defendant to the court for a Crim.P. 35(b) motion for reduction of sentence and recommended that defendant be placed in community corrections with a reduced sentence under § 17–27.7–104, C.R.S. (1993 Cum.Supp.).

Following a hearing, at which defendant presented evidence of his rehabilitation efforts, the trial court denied the motion. In so doing, the court noted the serious nature of the offense and the severe injuries to the victim.

Thereafter, defendant moved to supplement the record, and requested a hearing, but failed to indicate what evidence would be presented. The motion was denied.

Defendant then wrote a *pro se* letter to the chief judge of the judicial district in which he alleged that because he is African–American, he had been treated more harshly than a Caucasian inmate whose motion to reconsider had been heard immediately following his. In addition, defense counsel filed an affidavit contrasting defendant's case and record with that of the other inmate, who was convicted of a different offense, but whom counsel apparently considered less deserving of a modification of sentence. The affidavit stated the affiant's opinion that the disparity of treatment was based on race.

On appeal, defendant contends that the trial court erred in failing to modify his sentence. We disagree.

Crim.P. 35(b) gives the trial court the opportunity to reexamine the propriety of the sentence imposed. *Mamula v. People*, 847 P.2d 1135 (Colo.1993). However, the court of appeals cannot review the denial of a Crim.P. 35(b) motion when the issue before it is the propriety of the sentence. *People v. Malacara*, 199 Colo. 243, 606 P.2d 1300 (1980). However, we can determine whether the trial court properly exercised its discretion.

In passing upon a Crim.P. 35(b) motion, the trial court has a duty to exercise its judicial discretion. *Mikkleson v. People*, 199 Colo. 319, 618 P.2d 1101 (1980). Under this duty, the trial court must consider all relevant and material factors, including new evidence as well as facts known at the time the original sentence was imposed. *Spann v. People*, 193 Colo. 53, 561 P.2d 1268 (1977).

Section 17–27.7–104 requires automatic referral to the sentencing court so that an offender may file a Crim.P. 35(b) motion for reduction of sentence after an offender has successfully completed a regimented inmate training program. It also mandates that the Department of Corrections submit a report and, if warranted, recommend that the offender be placed in a specialized probation or community corrections program based on the offender's conduct during the program.

Section 17–27.7–104 further prohibits the trial court from summarily denying the Crim.P. 35(b) motion for sentence reduction "without a complete consideration of all pertinent information provided by the offender, his attorney, and the district attorney." After considering all pertinent information, § 17–27.7–104 permits, but does not require, the trial court to modify the offender's sentence. *See* Hearing on H.B. 90–1023 before

the House Judiciary Committee, 57th General Assembly, Second Regular Session (June 7, 1990) (under bill, court can either deny or approve sentence reduction). Thus, we may review the trial court's disposition of the Crim.P. 35(b) motion for abuse of discretion and failure to comply with the statutory requirements of § 17–27.7–104.

Here, the trial court properly performed its duty to exercise judicial discretion and complied with the requirements of § 17–27.7–104.

At the time of its ruling, the court stated that it had reviewed the defendant's case file, the pre-sentence report, the recommendation from the regimented training program, and documents submitted by the defendant, defendant's attorney, and the prosecution. And, after reviewing the pertinent information before it, the trial court stated: "I consider a vehicle in the hands of someone who is drunk a deadly weapon. I think it's a very, very serious crime to drink and drive and destroy many lives.... I'm going to deny the request to modify the sentence in this case and I'm going to have it remain at six years in the Department of Corrections."

Thus, we do not find any evidence of "caprice, hostility or prejudice" of which the defendant accuses the trial court. Nor do we find that the trial court summarily denied the defendant's motion. Instead, after careful review of the pertinent information before it, the trial court concluded that the crime was serious enough to warrant a denial of the motion for sentence reduction.

Defendant concedes he and the other inmate were convicted of different offenses. Accordingly, the defendant further concedes that his right to equal protection has not been violated. In these circumstances, his attorney's claim that the trial court was not motivated by the seriousness of the offense or the extent of the victim's injuries, but rather could only have been motivated by defendant's race, is utterly without merit.

Order affirmed.

TURSI and NEY, JJ., concur.