**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DANIEL PESENGULO LUCERO,

Petitioner-Appellant,

v.

KEVIN MILYARD, Warden;
COLORADO ATTORNEY
GENERAL,

Respondent-Appellee.

No. 07-1471

D. Colo.

(D.C. No. 06-cv-01916-WYD)

---

**ORDER DENYING LEAVE TO PROCEED
ON APPEAL *IN FORMA PAUPERIS*,
DENYING CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPEAL**

---

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

Daniel Pesengulo Lucero, a state prisoner proceeding *pro se*,[1] filed a 28

U.S.C. § 2254 petition for writ of habeas corpus. The district court denied the

petition as well as Lucero's constructive application for a Certificate of

Appealability (COA).[2] It also denied Lucero's motion to proceed *in forma*

*pauperis* (*ifp*) on appeal as procedurally deficient. In this Court, Lucero requests a

---

[1] We liberally construed *pro se* pleadings. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] Lucero filed a notice of appeal which the district court construed as a request for a COA. *See* Fed. R. App. P. 22(b)(1).

COA and again seeks leave to proceed *ifp* on appeal. *See* 28 U.S.C. §

2253(c)(1)(A); Fed. R. App. P. 22(b)(1), 24(a)(5). We deny both requests.

## I. BACKGROUND

Lucero was convicted in 1999 by a jury of two counts of first degree

burglary, one count of second degree assault, two counts of menacing, two counts

of child abuse, one count of harassment, and two counts of a crime of violence.

He was sentenced to 15 years in prison. The Colorado Court of Appeals affirmed

his conviction and sentence and, on March 11, 2002, the Colorado Supreme Court

denied Lucero's petition for writ of certiorari. Lucero did not file a petition for

writ of certorari with the United States Supreme Court. Accordingly, under

federal habeas law, Lucero's conviction became final on June 10, 2002, when the

time to file a petition for writ of certiorari with the United States Supreme Court

expired.

On two separate occasions, Lucero filed for post-conviction relief in state

court. On July 30, 2002, Lucero sought a reduction of his sentence under Rule

35(b) of the Colorado Rules of Criminal Procedure.[3] The state trial court denied

Lucero's motion on August 9, 2002; he did not appeal. A little more than a year

later, on September 5, 2003, Lucero again sought state court post-conviction

---

[3] Rule 35(b) provides, in pertinent part: "The court may reduce the sentence provided that a motion for reduction of sentence is filed . . . within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment or sentence or dismissal of the appeal . . . ." Colo. R. Crim. P. 35(b)(2).

relief, this time asking the court to set aside his conviction under Rule 35(c) of the Colorado Rules of Criminal Procedure.[4] The trial court denied relief on October 29, 2003, and the Colorado Court of Appeals affirmed on November 17, 2005. The Colorado Supreme Court subsequently denied Lucero's petition for writ of certiorari on March 13, 2006.

On September 26, 2006, Lucero filed a § 2254 petition in federal court asserting various constitutional violations related to his trial. The State filed an answer asserting the affirmative defense that Lucero's petition was filed beyond the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1); *Kilgore v. Attorney Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008) (untimeliness of a § 2254 petition "must either be pled by the government as an affirmative defense, or be clear from the face of the petition itself"). The district court dismissed the petition as time barred, determining Lucero's conviction became final and the limitations period began to run on June 10, 2002. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001) ("Under the statute, a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until--following a decision by the state court of last resort--after the United States Supreme Court has denied review, or, if no petition for

---

[4] Rule 35(c) proceedings "provide defendants with an opportunity to argue that consititutional errors associated with their trials, guilty pleas, or sentences should result in convictions or sentences being set aside." *People v. Valdez*, 178 P.3d 1269, 1279 (Colo. App. 2007).

certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.") (quotations omitted). The district court concluded the time ran on the one-year limitation until July 30, 2002, (49 days) when it was tolled by the filing of Lucero's Rule 35(b) motion with the state trial court. *See* 28 U.S.C. § 2244(d)(2) (tolling the time during which a properly filed application for state post-conviction or other collateral review is pending). The statute of limitations remained tolled until September 23, 2002, when the time to appeal from the trial court's denial of the Rule 35(b) motion expired. *See* Colo. R. App. P. 4(b) (notice of appeal in criminal case must be filed "within forty-five days after the entry of the judgment or order appealed from"). The court then determined Lucero had 316 days from September 23, 2002, or until August 5, 2003, in which to file his § 2254 petition. He did not do so until September 26, 2006, over three years late. Therefore, his petition was untimely.

Lucero argued his 35(c) motion also tolled the running of the statute of limitations. The district court considered this argument but determined the Rule 35(c) motion did not toll the statute of limitations because it was filed after the limitations period had already expired. It also declined to apply Lucero's grounds for equitable tolling because they related to the late blooming Rule 35(c) proceeding.

## II. CERTIFICATE OF APPEALABILITY

A COA is a jurisdictional pre-requisite to our review. *Miller-El v.*

-4-

*Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA only if Lucero makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Since the district court dismissed his habeas petition on procedural grounds, Lucero must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists would find it debatable whether the district court was correct in its procedural ruling." *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*. We review the district court's factual findings for clear error and its legal conclusions de novo. *English v. Cody*, 241 F.3d 1279, 1282 (10th Cir. 2001).

In support of his request for a COA, Lucero argues his conviction did not become final under Colorado law until July 26, 2002, when he filed his Rule

35(b) motion[5] (rather than June 10, 2002, when the time expired for filing a petition for a writ of certiorari with the United States Supreme Court). To arrive at this date, Lucero relies on a quote from the Colorado Supreme Court opinion *Ghrist v. People*, which says: "The timely filing of a 35(b) motion suspends finality of sentence while the court reconsiders the original sentence." 897 P.2d 809, 814 (Colo. 1995). Under Lucero's theory, the time between when the Colorado Supreme Court denied certiorari (March 11, 2002) and when he filed for Rule 35(b) relief (July 26, 2002) does not count against the federal habeas one-year statute of limitations. He then asserts the statute of limitations was tolled from July 26, 2002, until September 23, 2002, the period his Rule 35(b) proceedings were pending, and from September 5, 2003, to March 13, 2006, the period his Rule 35(c) proceedings were pending. He further asserts equitable grounds warrant tolling the 196 days between the conclusion of his Rule 35(c) proceedings and when he filed for federal habeas relief on September 26, 2006. Because only 346 days elapsed between when his Rule 35(b) motion became final (September 23, 2002) and when he filed for Rule 35(c) relief (September 5, 2003), Lucero argues his petition was timely. Lucero assumes State law trumps the federal habeas corpus finality rules. He is wrong.

---

[5] The district court found Lucero filed for Rule 35(b) relief on July 30, 2002. Lucero argues in his request for a COA that the motion was filed on July 26, 2002. We use the July 26 date in our calculations without concluding the district court clearly erred.

The law is clear: "[The] 1-year period of limitation . . . shall run from . . . the date on which the judgment became final by the conclusion of *direct review* or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A) (emphasis added). Because Lucero did not seek direct review from the United States Supreme Court, his conviction became final and the habeas clock began to run the day after the time for filing a petition for certiorari with the Supreme Court passed (June 11, 2002). *See Locke*, 237 F.3d at 1273. According to Rule 13(1) of the Supreme Court Rules, Lucero had 90 days from March 11, 2002, to file a petition for writ of certiorari. Therefore, his conviction became final on *direct review* on June 10, 2002.[6] Lucero had one year from that date to file his habeas petition unless equitable or statutory reasons tolled the statute. *See* 28 U.S.C. § 2244(d)(2). Lucero's Rule 35(b) proceeding from June 26, 2002, to September 23, 2002, occurred after his conviction became final and only served to temporarily suspend the running of the statute of limitations under § 2244(d)(2). *Id.*; s*ee also*, *People v. Rodriguez*, 914 P.2d 230, 249 (Colo. 1996) (describing Rule 35 proceedings as permissible, not mandatory, post-conviction relief). After crediting all statutory tolling, Lucero's one-year limitations period expired on August 8, 2003.[7] *See* Attachment 1, Habeas Timeline. His subsequent Rule 35(c)

---

[6] The ninetieth day, June 9, fell on a Sunday extending the last day to file to Monday, June 10. *See* Sup. Ct. R. 30(1).

[7] Ordinarily, the Colorado Court of Appeals "cannot review the denial of a Crim. P. 35(b) motion when the issue before it is the propriety of the sentence."

motion filed on September 5, 2003, fell outside this date and cannot toll the limitations period. For the same reason, Lucero's equitable tolling arguments tied to his Rule 35(c) proceedings cannot toll the limitations period. Lucero's petition for habeas corpus relief on September 25, 2006, was late by all accounts.

We **GRANT** Lucero's motion to submit an amended brief in support of a COA, which we have considered. Lucero's request for a COA is **DENIED** and his nascent appeal is dismissed. With regard to his request to proceed *ifp* on appeal, Lucero was required to show "a financial inability to pay the required filing fees, and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan,* 937 F.2d 502, 505 (10th Cir. 1991). We **DENY** his request because he failed to present a nonfrivolous argument. We order him to immediately remit the full amount of the filing fee and remind him of his obligation to do so even though this appeal has been dismissed. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge

---

*People v.* Ellis, 873 P.2d 22, 23 (Colo. App. 1993). Because Lucero's habeas petition is untimely, we need not address whether Lucero could have appealed the trial court's denial of his Rule 35(b) motion. Instead we give him the benefit of the doubt by extending the tolling through the appellate period to September 23, 2002. *See* Colo. R. App. P. 4.

| Event Date | Event | Clock Start | Clock Stop | Days since last tolling event | Total non-tolled days |
|---|---|---|---|---|---|
| 06/21/99 | Conviction | | | | |
| 10/18/01 | Colorado Court of Appeals affirmed conviciton | | | | |
| 03/11/02 | Colorado Supreme Court denied certiorari | | | | |
| 06/10/02 | 90 days to file for certiorari with U.S. Supreme Court expired * | 06/10/02 | | | |
| 07/26/02 | Lucero filed for Colorado Rule 35(b) post-conviction relief | | 07/26/02 | 46 | 46 |
| 08/09/02 | Colorado District Court denied Rule 35(b) motion | | | | |
| 09/23/02 | 45 days to appeal denial expired under Colo. R. of App. P. 4 ** | 09/23/02 | | | |
| **08/08/03** | **1-year Statute of Limitations has run** | | | | **365** |
| 09/05/03 | Lucero filed for Colorado Rule 35(c) post-conviction relief | | 09/05/03 | 346 | 392 |
| 10/29/03 | Colorado District Court denied Rule 35(c) motion | | | | |
| 11/17/05 | Colorado Court of Appeals affirmed denial | | | | |
| 03/13/06 | Colorado Supreme Court denied certiorari | 03/13/06 | | | |
| 09/25/06 | Lucero filed for habeas corpus relief with the Federal District Court | | 09/25/06 | 195 | 587 |

\* The habeas statute of limitations is tolled while a petition for certorari to the U.S. Supreme Court is pending or if no petition is filed the time during which a petition could be filed. *Locke v. Saffle*, 237 F.3d 1269, 1271 (10th Cir. 2001).

\*\* The habeas statute of limitations is not tolled by a petition for certorari to the U.S. Supreme Court from state post-conviction proceedings. *See Lawrence v. Florida*, -- U.S. --, 127 S.Ct. 1079, 1081 (2007).