23CA0722 Peo v Penn 01-22-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA0722
City and County of Denver District Court No. 21CR2233
Honorable Jay S. Grant, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Erik O. Penn,

Defendant-Appellant.

ORDER AFFIRMED IN PART AND REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE GROVE
Yun and Schock, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 22, 2026

Philip J. Weiser, Attorney General, Brenna A. Brackett, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Tracy C. Renner, Deputy State
Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Erik O. Penn, appeals the district court's order denying his Crim. P. 35(b) motion for reconsideration of his sentence.  He also argues that the five-year period of mandatory parole for his first degree assault sentence is illegal.  We affirm the order in part and reverse in part and remand the case to the district court to correct the mittimus to reflect a three-year period of mandatory parole.

## I.     Background

¶ 2     The prosecution charged Penn with twenty-one total counts of sexual assault on a child as part of a pattern of abuse, sexual assault on a child by one in a position of trust, and incest.  The charges stemmed from allegations that Penn sexually assaulted his niece from 2017 through 2021 while he was her caregiver.

¶ 3     The day before trial was scheduled to begin, Penn pleaded guilty to added counts of (1) first degree assault with a deadly weapon causing serious bodily injury, a class 3 felony and a crime of violence; and (2) attempted sexual assault on a child, a class 5 felony.  In the plea agreement, the parties stipulated to a prison sentence of ten to thirty-two years for first degree assault and a consecutive ten-year sentence to sex offender intensive supervision

probation (SOISP) for attempted sexual assault on a child. In exchange, the prosecution agreed to dismiss the original charges.

¶ 4 The district court accepted Penn's guilty pleas and subsequently sentenced him to twenty-seven years in prison with five years of mandatory parole for first degree assault and ten years of SOISP for attempted sexual assault on a child. In sentencing Penn, the court indicated that it had considered the purposes of sentencing under section 18-1-102.5, C.R.S. 2025; the "horrific" facts of the case; mitigation in terms of Penn's lack of criminal history, involvement in the community, and measure of accountability; Penn's rehabilitation potential; and the consistent treatment of defendants.

¶ 5 Through counsel, Penn timely filed a Crim. P. 35(b) motion to reconsider his sentence and a related supplement, which included two letters from Penn. He asserted that his family was suffering financial hardship due to his incarceration; his father suffers from kidney failure, and Penn would like to be home to help care for him; he has supportive family and friend systems that will ensure he completes probation successfully; he has inquired about taking college courses; he was waitlisted for several Department of

Corrections (DOC) inmate programs; he was employed as a paraprofessional and helped other inmates with tutoring and emotional support; and he has "stayed out of trouble while incarcerated," despite being threatened with violence and extortion. He also argued that, under the crime of violence statute, § 18-1.3-406(1)(a), C.R.S. 2025, the court should reconsider his prison sentence for first degree assault and impose a sentence to probation instead, concurrent to his SOISP sentence for attempted sexual assault on a child.

¶ 6     The district court denied Penn's motion without a hearing. The court stated that it had reviewed the motion, letters, case file, and presentence investigation report (PSIR). It also said it had listened to the recording of the sentencing hearing and had considered the sentencing factors under section 18-1-102.5. After recounting the plea agreement and sentencing, the court found:

> The allegations in this case involved the minor child victim being forcibly subjected to 4 years of sexual abuse at the hands of the defendant, who was the child's caregiver. It is not necessary to go into the facts of this case[,] but I will say that the actions of the defendant represented perhaps the most egregious and despicable acts that I have ever encountered either as a defense attorney or as a judicial

officer. That being said, I deny the motion for reconsideration finding that the sentence imposed is appropriate in light of the facts as presented as well as the mitigation and aggravation provided for consideration.

## II. Denial of the Crim. P. 35(b) Motion

¶ 7 Penn contends that the district court abused its discretion by denying his Crim. P. 35(b) motion for sentence reconsideration. We disagree.

### A. Standard of Review and Applicable Law

¶ 8 We review a district court's denial of a Crim. P. 35(b) motion for an abuse of discretion. *People v. Chavez*, 2020 COA 80M, ¶ 8. A court abuses its discretion "when its ruling is manifestly arbitrary, unreasonable, or unfair, or when it misapplies the law." *People v. Johnson*, 2021 CO 35, ¶ 16 (citations omitted).

¶ 9 "A court's review of a Crim. P. 35(b) motion focuses on the fairness of the sentence in light of the purposes of the sentencing laws." *People v. Dunlap*, 36 P.3d 778, 780 (Colo. 2001). The court must "consider all relevant and material factors, including new evidence as well as facts known at the time the original sentence was pronounced." *People v. Busch*, 835 P.2d 582, 583 (Colo. App. 1992). A court is not required to make factual findings but should

4

"provide a statement of the basic reasons in support of its ruling" on a Crim. P. 35(b) motion. *People v. Olivas*, 911 P.2d 675, 677 (Colo. App. 1995). "Only if the [district] court has refused to consider *any* information in mitigation and fails to make findings in support of its decision is there a failure by the [district] court to exercise its judicial discretion." *Busch*, 835 P.2d at 583.

### B. Failure to Consider Information

¶ 10 Penn asserts that the district court abused its discretion when denying his motion by failing to consider the information presented in his motion and the mitigation presented at sentencing. But the record belies this contention. Indeed, the district court said in its order that it reviewed, among other things, the motion and letters from Penn in support of the motion, as well as the case file, the sentencing hearing (which included consideration of mitigation), and the "mitigation . . . provided for consideration." To the extent Penn contends that these findings are insufficient, we disagree. The court stated the basic reasons for denying the Crim. P. 35(b) motion, which included sufficient consideration of the new information contained in the motion and the mitigating evidence. The court also said it considered the PSIR, the statutory sentencing

factors, and the seriousness of Penn's conduct. This record shows that the court properly exercised its discretion by denying the Crim. P. 35(b) motion. The court did not "refuse[] to consider *any* information in mitigation" or "fail[] to make findings in support of its decision." *Busch*, 835 P.2d at 583.

¶ 11     Relying on *Spann v. People*, 561 P.2d 1268 (Colo. 1977), Penn also argues that the district court's statement that Penn's actions were "the most egregious and despicable acts that I have ever encountered either as a defense attorney or as a judicial officer" demonstrates that its ruling was tainted by "personal hostility and prejudice." *Spann* is distinguishable. There, the defendant filed a postconviction motion requesting a sentence reduction, which was denied. *Id.* at 1269. The supreme court noted that the district court, "in a rambling discourse on many subjects irrelevant to the pending motion, refused to grant probation or reduce the sentence." *Id.* The court concluded that the district court's denial of the motion was not "a reasoned judgment based on evidence," and instead, the court "acted capriciously, basing his decision on personal considerations rather than on the evidence." *Id.* at 1270. The court held that "[j]udicial discretion cannot be distorted to

6

camouflage or insulate from appellate review a decision based on the judge's personal caprice, hostility or prejudice." *Id.* at 1269.

¶ 12 Here, the district court did not engage in a "rambling discourse" on subjects irrelevant to the motion or base its decision on "personal considerations." *See id.* While the court referenced the "egregious and despicable" nature of Penn's actions in light of its own experience, the order also clearly stated that the denial was based on the court's review of the motion, letters, case file, PSIR, statutory sentencing factors, sentencing hearing, and "the facts as presented as well as the mitigation and aggravation."

¶ 13 The fact that the court based its decision, in part, on the seriousness of Penn's conduct, does not render its decision improper. *See People v. Ellis*, 873 P.2d 22, 24 (Colo. App. 1993) (finding no evidence of "caprice, hostility or prejudice" in the district court's denial of a Crim. P. 35(b) motion because the court carefully reviewed the pertinent information before it and "concluded that the crime was serious enough to warrant a denial of the motion for sentence reduction").

## C. Failure to Address Penn's Argument Under the Crime of Violence Statute

¶ 14    Penn also asserts that the order should be reversed because the district court failed to specifically address his argument that, upon reconsideration, it could impose a probationary sentence for first degree assault under the crime of violence statute.[1]  Citing *People v. Mazzarelli*, 2019 CO 71, he claims that, despite the sentencing concessions in the plea agreement, the court retained the authority to apply the modification provision of the crime of violence statute.  Therefore, he argues, "the court abused its

---

[1] Under section 18-1.3-406(1)(a), C.R.S. 2025, a court must sentence a defendant for a crime of violence to the DOC for a term of at least the midpoint but not more than twice the maximum of the presumptive range for the crime.  However, the court can modify the sentence later:

> [W]ithin ninety-one days after [a defendant] has been placed in the custody of the [DOC], the [DOC] shall transmit to the sentencing court a report on the evaluation and diagnosis of the violent offender, and the court, in a case which it considers to be exceptional and to involve unusual and extenuating circumstances, may thereupon modify the sentence. . . . Such modification may include probation if the person is otherwise eligible therefor. *Id.*

8

discretion and misapprehended its authority in ruling on his motion."

¶ 15    We conclude that the district court did not abuse its discretion by denying Penn's motion without specifically addressing his argument under the crime of violence statute.  As discussed, the court properly considered all the relevant information: the motion, the letters in support of the motion, the case file, the PSIR, the statutory sentencing factors, the sentencing hearing, the seriousness of Penn's conduct, and "the facts as presented as well as the mitigation and aggravation."  As required, it provided "a statement of the basic reasons in support of its ruling."  *Olivas*, 911 P.2d at 677.  It was not required to make "overt findings" about every argument raised in the motion.  *See People v. Barnett*, 2020 COA 167, ¶¶ 34-35.

¶ 16    Furthermore, nothing in the court's order suggests that it was denying the motion because it did not understand that, notwithstanding the sentencing concessions in the plea agreement, it had authority to modify Penn's sentence into a probationary one.  Instead, after reviewing the pertinent information, the court

determined that Penn's twenty-seven-year prison sentence for first degree assault remains appropriate.

¶ 17    For these reasons, we conclude that the district court did not abuse its discretion by denying Penn's Crim. P. 35(b) motion.

## III.    Mandatory Parole Period

¶ 18    For the first time on appeal, Penn also contends, the People concede, and we agree that the district court's imposition of a five-year period of mandatory parole for first degree assault was not authorized by law.

¶ 19    Although Penn did not raise this issue below, we may correct an illegal sentence at any time.  Crim. P. 35(a).  We review the legality of a sentence de novo.  *People v. Wiseman*, 2017 COA 49M, ¶ 22.

¶ 20    A sentence is illegal if it does not fully comply with statutory requirements.  *Delgado v. People*, 105 P.3d 634, 636 (Colo. 2005).  Even where parts of a sentence are legal, the sentence as a whole may nonetheless be illegal because other aspects are contrary to law.  *See id.*  Mandatory parole constitutes part of a defendant's sentence.  *See Craig v. People*, 986 P.2d 951, 958 (Colo. 1999).

¶ 21     For offenses committed between July 1, 2018, and July 1, 2020, and after July 1, 2020, the mandatory period of parole for a class 3 felony is three years.  § 18-1.3-401(1)(a)(V)(A.1), (V.5)(A), C.R.S. 2025.  An offense is committed when all the elements of the crime are complete.  *People v. Bastian*, 981 P.2d 203, 205 (Colo. App. 1998).  When a defendant pleads guilty, he "admits involvement in the crime up to and including the last date alleged in the charge."  *People v. Flagg*, 18 P.3d 792, 794 (Colo. App. 2000); *see also People v. Myers*, 45 P.3d 756, 758 (Colo. App. 2001) (concluding that, because the defendant pleaded guilty, "the elements of the crime were not complete, and the crime was not committed" until "the last date alleged in the charge").

¶ 22     Penn was charged with class 3 felony first degree assault, § 18-3-202(1)(a), C.R.S. 2025.  The crime was alleged to have occurred between June 1, 2017, and April 7, 2021.  The crime was therefore not complete until April 7, 2021.  *See Flagg*, 18 P.3d at 794; *Myers*, 45 P.3d at 758.  Thus, the three-year mandatory parole period applies.  § 18-1.3-401(1)(a)(V.5)(A).

¶ 23     Accordingly, we reverse the parole portion of Penn's first degree assault sentence and remand with instructions for the

11

district court to correct the mittimus to show a mandatory parole period of three years. *See People v. Garcia*, 251 P.3d 1152, 1162 (Colo. App. 2010) (case remanded to the district court to correct the mittimus where the court lacked authority to impose five years of parole).

## IV.    Disposition

¶ 24    The order denying Penn's Crim. P. 35(b) motion is affirmed. The parole portion of his first degree assault sentence is reversed, and the case is remanded to the district court for correction of the mittimus to reflect a mandatory parole period of three years.

JUDGE YUN and JUDGE SCHOCK concur.